# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CASTLE ROCK HOLDINGS, LLC, <br><br> Appellant, <br><br> v. <br><br> LEONARD INDELICATO, <br><br> Appellee. | Case No. 2:19-cv-2079-KJD <br><br> **ORDER** |

This is an appeal from an order dissolving the automatic stay in a Chapter 11 proceeding in the Bankruptcy Court in the District of Nevada. The debtor below, and appellant here, Castle Rock Holdings, LLC, noticed its appeal to this Court in early December 2019. Since then, it has done nothing to prosecute the appeal. Leonard Indelicato, a creditor below and appellee here, moved to dismiss Castle Rock's appeal for failure to prosecute (ECF No. 4). Castle Rock did not respond, nor did it take any other action to advance its appeal. Both the Federal Rules of Bankruptcy Procedure and this circuit's precedent authorize the Court to dismiss a bankruptcy appeal for failure to prosecute. The Court may do so on its own or on motion by the parties, and it need not provide notice prior to dismissal. Such a dismissal is warranted here as it is clear that the appellant has no interest in guiding its case through the appeals process. Accordingly, Indelicato's motion to dismiss (ECF No. 4) is granted.

This appeal stems from a civil action currently pending in the Eighth Judicial District Court in Nevada, Indelicato, *et al.*, v. Cimino, *et al.*, Case No. A-19-795953-B. Castle Rock is a necessary party in that action. AOB 3, ECF No. 4. The case was set for trial in December of 2019 on an expedited basis due to Indelicato's age; he is eighty-eight. Id. Ten days before trial, Castle Rock filed a Chapter 11 bankruptcy action in the District of Nevada. With the bankruptcy action came the notice of automatic stay, which effectively halted the underlying civil case. Id. at

3–4. Indelicato promptly moved to terminate the automatic stay, and on November 27, 2019, Bankruptcy Judge August Landis granted the motion its entirety. Decl. of Indelicato, ECF No. 5-A. This appeal followed.

The Nevada Bankruptcy Court provided each party an appeal memorandum that outlined their individual deadlines to file the required appellate documents. That memorandum notified the parties that the designation of record on appeal and the appellant's statement of issues were both due within fourteen days of the notice of appeal. Appeal Memo., ECF No. 1-3. Failure to timely file either document would prevent the bankruptcy court from forwarding the appellate record to the district court. Id. More than three months have passed, and Castle Rock has not provided either document. The bankruptcy court has filed three status reports indicating that it has been unable to forward the appellate record to the district court because neither the designation of record nor the statement of issues has been filed. ECF Nos. 3, 6, 7. In the interim, the parties' underlying civil case and Castle Rock's bankruptcy case are on hold until the applicability of the automatic stay is litigated.

Castle Rock's refusal to provide the necessary documents to facilitate its appeal justify dismissal. District courts enjoy the inherent authority to manage the cases on their docket. Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992). Where a party has failed to prosecute their case, the Court may impose sanctions or even dismiss the case. Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). The Court may dismiss the case on its own or on motion by the parties, and it need not give notice before the dismissal. Link v. Wabash R. Co., 370 U.S. 626, 633 (1962). The Federal Rules of Bankruptcy Procedure reinforce the Court's authority to dismiss an appeal for failure to prosecute. Indeed, the appellant's failure to prosecute authorizes the district court "to act as it considers appropriate, *including dismissal of the appeal*." Fed. R. Bankr. P. 8003(a)(2) (emphasis added).

Admittedly, dismissal is a harsh consequence for mere failure to prosecute a case. To protect against unnecessary or prejudicial dismissal, the Court weighs five factors: (1) the public's interest in a prompt resolution; (2) the Court's inherent need to manage its docket; (3) the risk of prejudice; (4) the public policy interest in reaching the merits of the case; and (5) the

availability of less drastic sanctions. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986). These factors favor of dismissal.

*Public Interest in Prompt Resolution*

Henderson's first prong examines the public interest in a prompt resolution of this case. The procedural posture of this case demonstrates that there is a strong public interest in the prompt resolution of this case. This appeal implicates two other active cases: the underlying bankruptcy proceeding and the state court action that spurred the bankruptcy case. Neither of those cases can proceed until the Court resolves the issue of the automatic stay. In effect, the automatic stay and this appeal are holding the underlying cases hostage. Yet, Castle Rock has refused to do anything to move the appeal along. Meanwhile, the parties in the underlying state court case must wait to litigate any claims involving Castle Rock and Indelicato. Each of those parties has an interest in the prompt resolution of this case.

Further reinforcing the public interest in prompt resolution is Indelicato's age. Nevada law allows preferential scheduling to litigants older than seventy. Nev. Rev. Stat. § 16.025. Using § 16.025, the presiding state court judge scheduled Indelicato's trial on an expedited basis. Castle Rock did not oppose the schedule. See Noall Decl. ECF No. 5-3. The delay in this appeal has effectively undone the expedited scheduling that Nevada law guaranteed Indelicato. Thus, there is strong public interest in the prompt resolution of this appeal.

*The Court's Need to Manage its Docket*

The Court has broad discretion to manage its docket. Ferdik, 963 F.2d at 1260. Federal district courts preside over a broad cross-section of civil and criminal cases that demand the Court's attention. The need to efficiently resolve these cases is ever-present. Parties who fail to meet deadlines or refuse to participate in their own cases takes resources from the cases that do meet their deadlines. Dismissing those cases that otherwise strain court resources free the Court to spend time on the cases that are progressing toward a resolution. Therefore, the Court's need to manage its docket supports dismissal.

*Risk of Prejudice*

Next, the Court evaluates the prejudice Castle Rock would suffer if its appeal is dismissed. Castle Rock would surely suffer some prejudice if the Court dismissed its appeal. It would lose the opportunity to challenge the underlying order that removed the automatic stay and would allow the underlying state court case to proceed. However, a party's prejudice must be more than self-inflicted wounds. Martin v. Yasuda, 829 F.3d 1118, 1126 (9th Cir. 2016). All of Castle Rock's presumed prejudice is a result of its failure, or refusal, to meet its deadlines. Thus, it would not be unfairly prejudiced if its appeal is dismissed.

On the other hand, the procedural history of this case demonstrates that Indelicato is the one who risks prejudice if this case is *not* dismissed. Indelicato believes that Castle Rock has intentionally delayed resolution of the underlying state court case from the very beginning. Castle Rock's actions seem to bear that out. Despite the state court expediting the case due to Indelicato's age, Castle Rock filed for bankruptcy and received protection from the automatic stay ten days before trial. That delayed trial. Then, after Judge Landis dissolved the automatic stay, Castle Rock appealed. That further delayed trial. Of course, Castle Rock was within its rights to file a legitimate bankruptcy case. However, its actions—or, more accurately, inaction—since its appeal support Indelicato's belief that delay was the strategy from the beginning. Such a delay is unreasonable and unjustifiable. Therefore, any risk of prejudice that Castle Rock would bear if this case is dismissed is outweighed by Indelicato's risk of prejudice if the case it not dismissed.

*Public Policy in Reaching the Merits of this Appeal*

There is always a public interest in reaching the merits of a case. Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986). However, this case does not present any fact or legal issues that increase the policy need to resolve the case on its merits. At best, this factor is neutral.

*Availability of Less Drastic Sanctions*

Finally, the Court evaluates whether less drastic sanctions exist to achieve its goals. The Court enjoys broad discretion in fashioning sanctions. Where a party has refused to prosecute their case, the Court may impose any sanctions up to dismissal of a case when appropriate.

1  Thompson, 782 F.2d at 831. There are several options short of dismissal. Presumably, the Court
2  could order Castle Rock to respond to Indelicato's motion to dismiss, or it could order Castle
3  Rock to show cause why its case should not be dismissed for failure to prosecute. The Court
4  could choose to impose monetary sanctions on Castle Rock for its failure to meet deadlines.
5  However, the Court does not trust that any of those options would yield results.

6  To date, the Clerk of Court at the District of Nevada Bankruptcy Court has issued three
7  separate notices that Castle Rock had not submitted the necessary documentation to proceed on
8  its appeal. Those notices have not spurred Castle Rock to act. Indelicato has moved to dismiss
9  the appeal based on Castle Rock's failure to act. The motion likewise failed to grab Castle
10 Rock's attention, and Castle Rock has not responded or provided the necessary documentation to
11 proceed. The case's history suggests there is little reason to believe that monetary sanctions or an
12 order to show cause would result in anything more than further delay. Accordingly, while less
13 drastic sanctions may be available, the Court does not believe them to be effective in this case.

14 Having reviewed Henderson's five factors, the Court finds that dismissal of this appeal is
15 warranted. Accordingly, IT IS HEREBY ORDERED that appellee's Motion to Dismiss
16 Bankruptcy Appeal (ECF No. 4) is **GRANTED**.
17 Dated this 13th day of April, 2020.

_____
Kent J. Dawson
United States District Judge